UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARRETT SMITH,<br><br>                Plaintiff,<br><br>-against-<br><br>SUSHI NAKAZAWA LLC,<br>CHUMLEY'S 86 LLC, and<br>ALESSANDRO BORGOGNONE,<br><br>                Defendants. | No.<br><br><br><br>COMPLAINT<br><br><br><br><br>Plaintiff Demands a Trial<br>by Jury |

Plaintiff GARRETT SMITH ("Mr. Smith" or "Plaintiff"), by and through his attorneys, Levine & Blit, PLLC, complaining of defendants SUSHI NAKAZAWA LLC ("Sushi Nakazawa"), CHUMLEY'S 86 LLC ("Chumley's"), and ALESSANDRO BORGOGNONE ("Mr. Borgognone") (collectively, "Defendants), hereby alleges:

**NATURE OF THE ACTION**

1. This civil action for damages and equitable relief based upon willful violations committed by Defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a); the New York Labor Law ("NYLL") and its regulations; violations of the Wage Theft Prevention Act, NYLL 195(3); and breach of contract.

2. Specifically, Plaintiff brings causes of action for unpaid overtime wages in violation of the FLSA; unpaid overtime wages in violation of the NYLL; unpaid spread of hours wages in violation of the NYLL; unpaid bonuses or wage supplements in violation of the NYLL; failure to provide wage statements in compliance with NYLL 195(3); and breach of contract concerning performance bonuses.

3. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct; an award of liquidated damages under the FLSA and NYLL; statutory damages pursuant to the Wage Theft Prevention Act; prejudgment interest on the unpaid wages pursuant to the NYLL; Plaintiff's reasonable attorneys' fees; costs of this action; and any such other and further relief that this Court deems just and equitable.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## THE PARTIES

6. Plaintiff is an adult natural person who is a citizen of the State of New York, County of Queens.

7. Sushi Nakazawa is a domestic limited liability company, duly organized and existing in the State of New York, with its principal place of business located at 23 Commerce Street, New York, New York.

8. Chumley's is a domestic limited liability company, duly organized and existing in the State of New York, with its principal place of business located at 86 Bedford Street, New York, New York.

9. Mr. Borgognone is an adult natural person who, upon information and belief, is a citizen of the State of New York.

10. At all times relevant to this action, Mr. Borgognone possessed and exercised operational control and policy making authority over Sushi Nakazawa's and Chumley's

2

employment policies, compensation policies, budgets, and payment of employee wages, and as such can be held individually liable for non-payment of Plaintiff's wages.

11. Defendants are engaged in the restaurant business.

12. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and thus an entity covered by the FLSA.

13. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

14. At all times relevant to this action, Defendants were a joint employer and/or a single integrated enterprise.

15. At all times relevant to this action, Plaintiff was an "employee" of Defendants and is a "person" within the meaning of applicable federal and state statutes and regulations.

16. At all times relevant to this action, Defendants were an "employer" within the meaning of applicable federal and state statutes and regulations.

## FACTUAL ALLEGATIONS

17. Plaintiff began working at Sushi Nakazawa in about August 2015.

18. Initially, Plaintiff was hired for the position of Captain and was paid the minimum hourly wage pursuant to the NYLL (after application of the tip credit) and received gratuities.

19. As a Captain, Plaintiff typically worked between 36 and 40 hours per week.

20. After about three weeks of work at Sushi Nakazawa, Plaintiff was assigned additional duties concerning the beverage program and, for a period of time, general management duties.

3

21. As a result of these additional duties, Plaintiff began working five to six days per week at approximately eleven to twelve hours per day.

22. However, Plaintiff's compensation rate and structure remained unchanged from his time performing only Captain duties, as described in paragraph 18.

23. As a result, Plaintiff was denied overtime wages and spread of hours wages.

24. In addition, beginning in or about November 2015 and continuing until June 20, 2017, Plaintiff was assigned additional beverage program duties for Chumley's, which resulted in an additional five to fifteen hours of work per week during this time period.

25. Plaintiff received no compensation for his work at Chumley's.

26. On August 18, 2017, Plaintiff resigned from his employment with Defendants.

27. In January 2017, Mr. Borgognone orally promised bonuses to Plaintiff if certain revenues were obtained by Sushi Nakazawa in the first and second quarters of 2017.

28. Specifically, it was agreed upon that Plaintiff and another manager would receive a combined total of 4% of the revenues that exceeded the target revenue in the first and second quarters of 2017.

29. Plaintiff performed his obligations under the oral contract, as Sushi Nakazawa exceeded the target number in the first and second quarters of 2017.

30. Sushi Nakazawa and Mr. Borgognone breached the oral agreement with Plaintiff by refusing to pay Plaintiff the bonuses earned in 2017.

31. Throughout the entirety of Plaintiff's employment, Defendants failed to provide Plaintiff with a wage statement compliant with NYLL 195(3); specifically, the wage statements provided did not identify the number of overtime hours worked by Plaintiff.

4

32. Defendants did not maintain contemporaneous time records for Plaintiff's work performed.

33. Defendants were aware that Plaintiff was a non-exempt employee performing work on its behalf that was uncompensated.

34. Defendants were aware that their pay practices, as alleged herein, were in violation of the FLSA and NYLL, but willfully engaged in such unlawful pay practices.

35. Defendants' non-payment of overtime wages, spread of hours wages, and bonuses or wage supplements was willful and without a good faith belief of compliance with the law; therefore, Plaintiff is entitled to recover liquidated damages under the FLSA and NYLL.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the FLSA)

36. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 35, as if fully set forth herein.

37. Defendants were the employer of Plaintiff within the meaning of the FLSA.

38. Plaintiff was a non-exempt employee of Defendants pursuant to the FLSA; however, Defendants willfully denied overtime wages to Plaintiff pursuant to the pay practices alleged herein.

39. Defendants were aware that Plaintiff was performing work for Defendants that was uncompensated.

40. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, and they do not have a good faith belief that they complied with the FLSA with respect to the compensation of Plaintiff.

41. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial

5

and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the NYLL)

42. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 41, as if fully set forth herein.

43. Defendants were the employer of Plaintiff within the meaning of the NYLL.

44. Plaintiff was a non-exempt employee under the NYLL; however, Defendants willfully denied overtime wages to Plaintiff pursuant to the pay practices alleged herein.

45. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful under the NYLL with respect to the compensation of Plaintiff.

46. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the NYLL.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Spread of Hours Wages in Violation of the NYLL)

47. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 46, as if fully set forth herein.

48. Defendants were the employer of Plaintiff within the meaning of the NYLL.

49. Plaintiff was a non-exempt employee under the NYLL; however, Defendants willfully denied spread of hours wages to Plaintiff pursuant to the pay practices alleged herein.

50. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful under the NYLL with respect to the compensation of Plaintiff.

51. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unpaid spread of hours wages in an amount to be determined at trial and are entitled to recover the value of those unpaid spread of hours wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the NYLL.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Bonuses and/or Wage Supplements in Violation of the NYLL)

52. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 51, as if fully set forth herein.

53. Defendants were the employer of Plaintiff within the meaning of the NYLL.

54. Plaintiff was a non-exempt employee under the NYLL; however, Defendants willfully denied bonuses and/or wage supplements to Plaintiff pursuant to the pay practices alleged herein.

55. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful under the NYLL with respect to the compensation of Plaintiff.

56. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages in the form of unpaid bonuses and/or wage supplements in an amount to be determined at trial and are entitled to recover the value of those unpaid bonuses and/or wage supplements plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the NYLL.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Failure to Furnish Proper Wage Statements in Violation of the NYLL 195(3))

57. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 56, as if fully set forth herein.

58. NYLL 195(3) requires that employers furnish employees with a written wage statements for each pay period containing specifically enumerated information.

59. As alleged above, Defendants willfully failed to furnish Plaintiff with wage statements containing the information required under NYLL 195(3).

60. As such, Defendants are liable to Plaintiff for statutory damages incurred plus reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION AGAINST SUSHI NAKAZAWA AND MR. BORGOGNONE
### (Breach of an Oral Contract)

61. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 60, as if fully set forth herein.

62. As alleged herein, a valid and enforceable contract was entered into between Plaintiff and defendants Sushi Nakazawa and Mr. Borgognone.

63. All parties to the oral contract are legally capable of entering into binding contracts.

64. Pursuant to the acts alleged herein, defendants Sushi Nakazawa and Mr. Borgognone breached the oral contract by refusing to pay Plaintiff bonuses otherwise promised to him, despite actual performance by Plaintiff.

65. As a result of the breach of contract by defendants Sushi Nakazawa and Mr. Borgognone, Plaintiff has suffered economic losses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

    a) An order declaring Defendants have violated the provisions of the FLSA, NYLL, and NYCRR relating to payment of wages and provision statutorily required wage notices;

b)     An order enjoining Defendants from engaging in the unlawful activities alleged above;

c)     An order awarding monetary damages to Plaintiff pursuant to the FLSA, NYLL, and NYCRR for economic losses in the form of unpaid overtime wages, spread of hours wages, and bonuses and/or wage supplements;

d)     An order awarding liquidated damages to Plaintiff pursuant to the FLSA, NYLL, and NYCRR in an amount equal to the total amount of unpaid overtime wages, spread of hours wages, and bonuses and/or wage supplements;

e)     An order awarding statutory damages to Plaintiff pursuant to the NYLL 195(3) *et seq.*;

f)     An award of prejudgment interest on the total underpayment of wages owed to Plaintiff pursuant to the NYLL and NYCRR;

g)     An award of Plaintiff's reasonable attorneys' fees;

h)     An award of the Plaintiff's costs of this action; and

i)     Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: October 17, 2017
New York, New York

LEVINE & BLIT, PLLC

Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10118
(212) 967-3000
jclark@levineblit.com

9